UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

FILED
JAN 23 2006
DIS...

* * * * * * * * * * * * * * * * * * * * * * * * *

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

BAY STATE DETAILING, INC. and CARLO ROTHERMEL

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

CA 06 29mc

CIVIL ACTION

FILE NO.

COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of sections 7 and 11 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 USC 1345.

II.

Defendant Bay State Detailing, Inc. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 12 Appian Way, Johnston, Rhode Island within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of cleaning and preparing automobiles for sale.

III.

Defendant Carlo Rothermel resides at 12 Appian Way, Johnston, Rhode Island within the

jurisdiction of this Court and is now, and at all times hereinafter mentioned was, president and principal owner and operating officer of the aforesaid corporation and as such actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

V.

Defendants have employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VI.

Defendants have willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

VII.

Defendants have willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as

prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

VIII.

During the period since July 17, 2004, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of sections 7 and 11 of the Act, and costs.

IX.

During the period since July 17, 2004, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act. An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A", plus an equal amount as liquidated damages, and costs.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

John S. Casler
Deputy Regional Solicitor

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL:(617)565-2500
FAX:(617)565-2142

**EXHIBIT "A"**

Birdsong, Larry

Cabrera, Oscar

Chacon, Miguel

Chacon, Samuel

Clay, Arthur

Enos, Steven

Flores, Jorge

Hayden, Robert

Ixchop, Juan

Lewis, Anthony

Matos, Eric

Morin, Micaela

Rosario, Laura

Salguero, Franklin

Salguero, Luis